## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| US AIRWAYS MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA WEST MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, *et al.*,<br><br>Defendants. | Civil Action No.<br>07-1309-EGS |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL JOINDER OF THE AIR LINE PILOTS ASSOCIATION, INT'L AS A NECESSARY PARTY UNDER FED. R. CIV. P (19)(a)

The defendants' have moved to compel joinder of the Air Line Pilots Association, Int'l ("ALPA") as a "necessary party" under Fed. R. Civ. P. 19(a) to entangle ALPA in the parties' dispute—despite ALPA's neutral position under ALPA Merger Policy. Defendants seek to avoid review of the arbitration award issued by the parties' Board of Arbitration and place political pressure on the plaintiffs by putting them in the posture of suing their parent union. The defendants' motion—like their removal of the plaintiffs' state court action to this Court—is without merit.

ALPA is not a necessary party to the plaintiffs' action to set aside the arbitration award between the USAirways Master Executive Council of ALPA ("AAA MEC") and the America West Master Executive Council of ALPA ("AWA MEC") because ALPA was not a party to the parties' arbitration agreement. Under well-established principles of both labor arbitration and private-sector

arbitration, only the parties to an agreement to arbitrate have standing in an action challenging an arbitration award.  *See, e.g., Local 13, International Longshoremen's and Warehousemen's Union v. Pacific Maritime Ass'n,* 441 F.2d 1061 (9th Cir. 1971).  As the plaintiffs have made clear, the arbitration award in question arose under the ALPA Merger Policy, which constitutes the agreement to arbitrate between the two MECs.  It did not arise under the collective bargaining agreements between ALPA and USAirways or ALPA and the former America West Airlines.

The defendants concede, as they must, that under ALPA Merger Policy, ALPA remains strictly neutral and its only role is to provide the dispute resolution process established under the Policy.  The plaintiffs do not allege any violation by ALPA of its duty of fair representation in providing the merger process.  ALPA is not a party to the arbitration and no representative of ALPA participated in the arbitration.  To the contrary, the very purpose of ALPA Merger Policy is to remove ALPA entirely from the contentious issue of seniority list integration between pilot groups.  It merely provides the process and then presents a *valid* award resulting from the process to the carrier in subsequent collective bargaining.  Responsibility for the integrated seniority list rests with the pilot groups involved.

Here, it is the validity of the award issued by the Board of Arbitration established by the MECs that is in dispute.  No valid award yet exists for ALPA to present to USAirways.  ALPA itself has recently reiterated its strict neutrality in the parties' dispute and stated that it will take no further action regarding the Nicolau award pending resolution of the dispute. *See Plaintiffs' Exhibit 3* at 7.

Because ALPA is not party to the agreement to arbitrate, it is not a proper party to the plaintiffs' lawsuit challenging the award. Moreover, ALPA is not necessary for the plaintiffs to obtain the sole relief they seek, vacation of the arbitration award and any other attendant relief deemed appropriate by the Superior Court of the District of Columbia. Finally, since ALPA is to remain strictly neutral in the dispute, and has affirmed its intent to remain neutral and take no further action in the parties' dispute over the Nicolau award, ALPA has no interest implicated by the plaintiffs' challenge to the award. The defendants' Rule 19(a) motion is, therefore, without merit and should be denied.

## ARGUMENT

The plaintiffs have presented the factual and procedural background of this action in their motion to remand this matter to the Superior Court of the District of Columbia. *See Dkt. 3* (Statement of Points and Authorities) at 2-5.

## I.    Standard for joinder of a necessary party under Fed. R. Civ. P. 19(a)

Fed. R. Civ. P. 19(a) provides:

(a) Persons to be Joined if Feasible.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a

defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

In considering a Rule 19 motion, the court must first consider whether the party is "necessary to the litigation" as defined in Rule 19(a). *Federal Deposit Insurance Co. v. The Bank of New York*, 479 F. Supp.2d 1, 9 (D.D.C. 2007), *quoting Pueblo of Sandia v. Babbitt*, 47 F. Supp.2d 49, 52 (D.D.C. 1999). The court must also determine if the party proposed to be joined would deprive the court of subject-matter jurisdiction. *Wright v. Herman*, 230 F.R.D. 1, 5 (D.D.C. 2005). As the defendants rely only on an asserted federal question to establish the subject-matter jurisdiction of this Court that question is not applicable here.[1]/ Applying the requirements of Rule 19, ALPA is not necessary to the plaintiffs' action and the court, which lacks subject-matter jurisdiction over the action, should deny the defendants' motion.

## II.    ALPA is not a "necessary party" to the plaintiffs' action to set aside the Nicolau arbitration award since the relief sought by them does not require  ALPA's presence and their lawsuit does not implicate an interest of ALPA

### A.    ALPA is unnecessary to grant plaintiffs the relief sought in their Superior Court action under the District of Columbia Arbitration Act

The plaintiffs' complaint in D.C. Superior Court arises under the D.C. Arbitration Act, 16-4301, *et seq.* ("DCAA"). The DCAA grants the Superior Court the power to vacate an arbitration award under specified conditions. Section 16-4311 provides :

---

[1]    Since ALPA maintains offices in the District of Columbia, addition of ALPA as a party would destroy diversity were that an asserted basis for this Court's subject-matter jurisdiction.

**§ 16-4311. Vacating an award.**

    (a) Upon application of a party, the Court shall vacate an award where:

        (1) The award was procured by corruption, fraud or other undue means;

        (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

        (3) The arbitrators exceeded their powers;

        (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 16-4315, as to prejudice substantially the rights of a party; or

        (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 16-4312 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a Court of law or equity is not ground for vacating or refusing to confirm the award.

    (b) An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known.

    (c) In vacating the award on grounds other than stated in clause (5) of subsection (a) of this section the Court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the Court in accordance with section 16-4303, or if the award is vacated on grounds set forth in clauses (3) and (4) of subsection (a) of this section the Court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with section 16-4303. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

    The relief that the Superior Court could grant plaintiffs under their claim for relief would be a rehearing before either a new arbitrator or the same

arbitrators or their successors.   D.C. Code § 16-4311(c).   Any procedural requirements of ALPA Merger Policy would apply to the rehearing.  *Id.*  None of this relief requires ALPA to do anything.  Rather, like the first arbitration hearing between the parties, the MECs through their merger committees would establish the Board of Arbitration and set the procedures for the hearing.  *See Complaint Exh. 1* at 7-9.

The only relief sought by the plaintiffs is vacation of the Nicolau award. They do not seek relief either requiring ALPA to refrain from performing any act or compelling it to perform any act.  The defendants fail to show in any manner that ALPA's presence is necessary for the plaintiffs to obtain the relief they seek in vacation of the Nicolau award.

> B.     *ALPA has no interest implicated by the plaintiffs' action to set aside the Nicolau award since ALPA is to remain strictly neutral in the parties' dispute; it has affirmed its intent to remain neutral; and the plaintiffs do not complain of any act or omission by ALPA in their lawsuit*
>
> > 1.     ALPA is not a proper party since it is not a party to the agreement to arbitrate

ALPA Merger Policy constitutes the parties' agreement to arbitrate. *Complaint ¶¶* 6, 21, 40, 46.  Under ALPA Merger Policy "responsibility for the merged seniority list falls upon the respective merger representatives with ALPA National in a neutral position on the merits."  *Complaint Exh. 1* at 2 (Preamble); Pltfs' *Exh. 3* at 3.  Accordingly, ALPA is not a party to the agreement to arbitrate. It did not participate in that arbitration in any way.  *Pltfs' Exh. 3* at 6.

It is well-established that a person who is not a party to an agreement to arbitrate has no standing to challenge an arbitration award.  *See, e.g.,*

*International Longshoreman's Local 13 v. Pacific Maritime Ass'n,* 441 F.3d 1061 (9th Cir. 1971); *Gasparre v. Kelly,* 1999 U.S. Dist. LEXIS 21350 (S.D. Ill. 1999); *Calzarano v. United States Postal Service,* 1983 U.S. Dist. LEXIS 19920 (S.D.N.Y. 1983); *Pittsburgh Metro Area Postal Workers Union v. Unites States Postal Service*, 463 F. Supp. 54 (1978). A third party will only have standing to challenge an arbitration award when the arbitrator goes beyond his jurisdiction and purports to bind the third party by his award. *Bruscianelli v. Triemstra*, 2000 U.S. Dist. LEXIS 11155 (N.D. Ill. 2000), *citing Ass'n of Contracting Plumbers v. Local Union No. 2*, 841 F.2d 461, 466-67 (2d Cir. 1988). Nothing in the Nicolau award purports to bind ALPA (and the defendants do not identify any provision of the award that binds ALPA). Accordingly, ALPA is not a proper party to the plaintiffs' challenge to the Nicolau award since it is not a party to the agreement to arbitrate.

      2.     The plaintiffs do not allege a DFR claim
               against ALPA

As noted in the plaintiffs' motion to remand this action to the Superior Court of the District of Columbia, their complaint to vacate the Nicolau award does not in any manner allege a claim against ALPA for breach of the duty of fair representation. *See Dkt. 3.* (Statement of Points and Authorities) at 15-20. Their complaint does not allege any act or omission by ALPA in its role as exclusive representative, and so it cannot state a claim for breach of the DFR. *See National Treasury Employees Union v. Federal Labor Rel. Authority,* 255 U.S. App, D.C. 140, 800 F.2d 1165 (D.C. Cir. 1986); *Davenport v. Int'l Brotherhood of Teamsters*, 334 U.S. App. D.C. 228, 166 F.3d 356, 361 (D.C. Cir. 1999). The

plaintiffs also do not allege that ALPA failed to provide a fair merger integration process. *Air Wisconsin Pilots Protection Comm. v. Sanderson*, 909 F.2d 213, 219 (7th Cir. 1990).

Not only do the plaintiffs not allege a claim against the exclusive representative—the only proper party for a DFR action—they are the wrong plaintiffs to bring such an action, which can only be brought by the members to whom a DFR is owed. *Int'l Brotherhood of Teamsters v. Ass'n of Flight Attendants*, 663 F. Supp. 847, 854 (D.D.C. 1987)

Indeed, since the plaintiffs' action deals only with the validity of the Nicolau award under ALPA's internal Merger Policy (not ALPA's dealings with USAirways regarding the seniority list created under that award), the DFR cannot apply to the subject at issue in the plaintiffs' complaint. *See Association of Contracting Plumbers of the City of New York v. Plumbers and Pipefitters Local Union No. 2*, 841 F.2d 461,469 (2d Cir. 1988), *quoting Price v. UAW,* 795 F.2d 1128, 1134 (2d Cir. 1986)("a matter that involves only the relationship between the union and its members and does not also involve the employer is viewed as an internal union matter that does not give rise to a union duty of fair representation."). Therefore, the plaintiffs' complaint in no way implicates ALPA's DFR to USAirways pilots.

> 3. The plaintiffs' complaint does not affect
> ALPA's bargaining duty with USAirways

Contrary to the defendants' assertion, the plaintiffs' action to vacate the Nicolau arbitration award does not implicate ALPA's role as bargaining representative. As explained by the Seventh Circuit Court of Appeals, ALPA

simply receives a *valid* award from the process under its Merger Policy and presents that award to the carrier. *Air Wisconsin,* 909 F.2d at 216 ("ALPA's policy signifies only that if the award is valid, it is definitive so far as ALPA is concerned."). *See also Pltfs' Exh. 3* at 3 ("responsibility for the merged seniority list falls upon the respective merger representatives with ALPA National in a neutral position on the merits"). But that position does not prevent a pilot group from challenging the validity of an award. *Air Wisconsin,* 909 F.2d at 216. The very purpose of ALPA Merger Policy is to remove ALPA as a participant in the process in order to insulate it from liability in presenting the award to the carrier. *Rakestraw v. Air Line Pilots Ass'n,* 981 F.2d 1524, 1533 (7th Cir. 1992).

And while the defendants failed to inform the court, ALPA's Executive Council last month passed a unanimous resolution (including votes in favor by the representatives of both the USAirways and America West pilots) stating that ALPA will not take action on the Nicolau award and will maintain neutrality in the parties' dispute. *See Pltfs' Exh.* 3, pp. 2, 6-7.

No interest of ALPA is implicated by the plaintiffs' arbitration award challenge since Merger Policy establishes that ALPA is to be neutral and intends to insulate ALPA from participation in the process. *Pltfs' Exh.* 3 at 6 ("It is up to the Arbitration Board, not ALPA National, to decide how best to express the Board's view of the equities."). It does not exercise any discretion in presenting a valid award to the carrier. ALPA has affirmed its neutrality and its intent to refrain from acting on the Nicolau award. Despite the defendants' assertions that ALPA maintains an interest in this action, the union has itself disavowed any such

interest and ALPA Merger Policy is designed to function without ALPA's participation in the dispute.

### III.    This Court has no jurisdiction over ALPA Merger Policy

In addition to the fact that ALPA does not possess an interest implicated by the plaintiffs' action since it does not allege a DFR violation or implicate ALPA's function as representative, the defendants are wrong when they assert that ALPA has an interest in the action because it may involve interpretation of ALPA Merger Policy. The plaintiffs' action does not implicate an interpretation of ALPA Merger Policy except to the extent that it reflects the parties' agreement to arbitrate and must be applied to determine if the Nicolau award conformed to it. But ALPA disavows any role in determining whether an award is valid under ALPA Merger Policy. *Pltfs' Exh. 3* at 6. Instead, ALPA has stated its role is limited to ensuring the parties receive a fair process. *Id.*

Also, ALPA's alleged interest in the interpretation of its Merger Policy (although repudiated by ALPA) cannot be a basis for impleading ALPA in this action since this Court lacks jurisdiction over that internal policy. ALPA and its MECs are not covered by § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. *Davenport*, 334 U.S. App. D.C. 228, 166 F.3d at 365 n.10 (subordinate union organization whose members are employed by employer subject to RLA is not a "labor organization" within meaning of § 301); *DHL Holdings*, 2007 U.S. Dist. LEXIS 40771, *8 (S.D. Ohio 2007)(ALPA not a labor organization under § 301). Nor is a "carrier" party to that agreement in order to create jurisdiction for this Court under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* ALPA Merger

Policy is instead subject to state law.  *See also Dkt. 3* (Statement of Points and Authorities) at 12-15.

## <u>CONCLUSION</u>

ALPA is not a necessary party to this action.  The relief the plaintiffs seek— vacation of the Nicolau award—does not require ALPA's presence.  ALPA is not a party to the agreement to arbitrate and so has no standing in this action.  The plaintiffs do not allege any DFR violation by ALPA, nor does their requested relief implicate ALPA's duties as bargaining agent since it maintains strict neutrality under ALPA Merger Policy and has no responsibility for the merits of the integrated seniority list.  Finally, ALPA disavows any interest in the application of its Merger Policy to determine the validity of the Nicolau Award and this Court lacks jurisdiction over ALPA Merger Policy.  Accordingly, the defendants' motion should be denied and the plaintiffs' motion to remand should be granted.

Dated: August 22, 2007.                     Respectfully submitted,


/s/ William R. Wilder
Roland P. Wilder, Jr. (DC Bar No. 69609)
William R. Wilder (DC Bar No. 450086)
BAPTISTE & WILDER, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 223-0723/(202) 223-9677 [fax]
wwilder@bapwild.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 22, 2007, a true copy of the foregoing

was served on counsel for the defendants via the Court's ECF System.


/s/ William R. Wilder
William R. Wilder