IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| US AIRWAYS MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, and, JOHN A. STEPHAN, in his capacity as MEC Chairman, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICA WEST MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, and, JOHN MCILVENNA, in his capacity as MEC Chairman, <br><br> Defendants. | Case No. 07-1309 (EGS) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL JOINDER OF AIR LINE PILOTS ASSOCIATION AS A NECESSARY PARTY PURSUANT TO FED. R. CIV. P. 19(a)**

The action Plaintiffs brought in District of Columbia Superior Court purportedly sought to "vacate" the seniority list set out in an "arbitration award" rendered by a panel pursuant to what is known as the Merger and Fragmentation Policy ("Merger Policy") of the Air Line Pilots Association ("ALPA" or "Union").[1]  The case was removed by defendants pursuant to the "complete preemption" doctrine, because the cause of action Plaintiffs asserted in the Superior Court is a claim based on the federal duty of fair

---

[1] ALPA's administrative manual that contains the Merger Policy was attached as Exhibit 1 to Attachment 1 to Defendants' Notice of Removal.

representation delineating the relationship between bargaining unit members and their bargaining representative under the Railway Labor Act ("RLA"). The federal duty of fair representation so comprehensively regulates that relationship, such that any claim by employees to vindicate rights implicating their bargaining representative's duty to present a fair bargaining proposal regarding seniority is a claim that can be asserted only as federal cause of action.

Two distinct motions are now pending before the Court: (1) a motion by Plaintiffs to remand this case to the Superior Court; and (2) the instant motion to join the ALPA as a necessary party under Fed. R. Civ. P. 19(a). Based on the briefing to date in connection with both motions, certain basic points are undisputed:

*First*. Under the Railway Labor Act, ALPA, and *only* ALPA, is the exclusive bargaining representative of the pilots on whose behalf Plaintiff US Airways Master Executive Council ("US Airways MEC") purports to be suing. Neither Plaintiff US Airways MEC nor Defendant America West MEC is the exclusive bargaining representative of any pilot. *See* Plaintiffs' Opposition to Defendants Motion to Compel Joinder of Air Line Pilots Association ("Pls. Opp.") at 7-8; Motion to Remand at 15-17.

*Second*. A merged seniority list that has not been incorporated into a collective bargaining agreement between a union and an employer is only that—a list—and it has no binding effect on any pilot's rights unless and until the list has been presented to the employer for the employer's consideration *and* the employer agrees to make the list part of the collective bargaining agreement. The merged seniority list issued by the arbitration board chaired by George Nicolau pursuant to ALPA Merger and Fragmentation Policy ("Merger Policy") is no different. Pls. Opp. at 9; Motion to

2

Compel Joinder of Air Line Pilots Association, Ex. A. ("McIlvenna Decl.") ¶ 11; Merger Policy at 9.

*Third.* Only the exclusive representative, ALPA—and not any individual pilot or MEC—has the authority to present a proposed seniority list to the employer in the wake of a merger, including a list generated by an arbitration board under ALPA Merger Policy; and only the exclusive representative, ALPA, has the authority to negotiate with and enter into an agreement with the employer establishing a binding seniority list. *See* Pls. Opp. at 2; McIlvenna Decl. ¶ 11.

As we explain in greater detail below, it follows from these propositions that the only tangible relief that could be provided by "vacating" the arbitration award would be a limitation on ALPA's right to present the merged seniority list to US Airways as a Union proposal for the seniority section in negotiations for a merged collective bargaining agreement. Any order or judgment with respect to the "arbitration award" that does not include ALPA as a party would be an irrelevant exercise producing an empty result—in effect, a nonbinding advisory opinion. An order or decree emanating from such a proceeding would be incapable of precluding ALPA from presenting to US Airways the Nicolau seniority list about which Plaintiffs complain, incapable of conferring any rights or privileges on the former US Airways pilots on whose behalf Plaintiffs are purporting to sue, and incapable of extinguishing the right of any former America West pilot to demand of ALPA that ALPA *adhere* to the Nicolau seniority list.

Believing that Plaintiffs filed this action to secure a court order that would cause ALPA to refrain from presenting the Nicolau list, we filed this motion to join ALPA as a necessary party to the litigation under Fed. R. Civ. P. 19(a). While several of the

3

contentions we have made in the instant joinder motion also support the proposition, developed more fully in our Opposition to Plaintiff's Motion to Remand (filed today), that the complaint (styled an "Application") Plaintiffs filed in Superior Court has all the hallmarks of an "artfully pleaded" complaint designed to improperly avoid a federal forum, our position that removal is appropriate under the complete preemption doctrine does *not* depend on a prior resolution of the instant joinder motion.  Removal based on complete preemption turns only on whether the *subject matter* of the lawsuit (here, the federal duty of fair representation) falls within a field where federal law displaces state remedies with an exclusive federal cause of action, and *not* on the happenstance of which parties the plaintiffs in a state-court action have chosen to name as defendants in their state-court complaint.  Thus, while ALPA is a necessary party to a claim by Plaintiffs for violation of the duty of fair representation, the fact that Plaintiffs seek to avoid naming ALPA in their litigation to vacate the arbitration award is immaterial to the removal analysis.  *See* Opposition to Motion to Remand at Part C.

       Plaintiffs themselves do not dispute that if this litigation is properly characterized as a breach of the duty of fair representation, ALPA is a necessary party to the proceedings.  Plaintiffs' Opposition at 8 (recognizing that ALPA, as the exclusive representative of the pilots of both MECs, is "the only proper party for a DFR action"). We could therefore rest in this Reply on our showing in the opposition to the Motion to Remand that removal of this action was appropriate.  Nevertheless, because  unless ALPA is joined, the complaint here devolves into a request for a nonbinding, advisory opinion as to the quality of the Nicolau seniority list, replying to points Plaintiffs have advanced in their Opposition to the instant joinder motion is useful to underscore the

4

lengths to which Plaintiffs have gone in their effort to employ artful pleading and to obscure the true nature of this action and the true nature of a seniority-list determination made by an arbitrator pursuant to ALPA Merger Policy.

1. In taking the position that ALPA has no interest and no role in a litigation challenging an arbitration conducted pursuant to ALPA merger policy and involving an arbitration award regarding the seniority integration of pilots represented in collective bargaining by ALPA, Plaintiffs studiously avoid explaining the nature of the arbitration, the product of which it seeks to nullify. Accordingly, we briefly recap the purpose and context of the arbitration award that produced the integrated seniority list which Plaintiffs attack.

The single objective of ALPA's Merger Policy is straightforward. ALPA's Merger Policy is the method by which ALPA develops a proposal for an integrated pilot seniority list that ALPA will present in negotiations with the carrier—in this case, US Airways. Merger Policy at 2, 9; McIlvenna Decl. ¶ 7. While ALPA is not a contestant in the arbitration proceedings, ALPA is the only party to whom the arbitration award is directed, and ALPA is the only party required to take any action pursuant to the award.

In that respect, an arbitration award issued pursuant to Merger Policy is entirely unlike an arbitration award issued in an ordinary dispute, in which parties engage in a private proceeding as a substitute for court litigation that would otherwise be available to them to adjudicate their rights and obligations. *See generally Harrison v. Nissan Motor Corp. in USA*, 111 F.3d 343, 350-51 (3d Cir. 1997) (arbitration subject to Federal Arbitration Act requires parties to agree that arbitration proceeding is a substitute to litigation between those parties). Here, an arbitration provided for under ALPA Merger

5

Policy is not a substitute for a litigated solution to the seniority issue that the merger of two airlines created. If there were no Merger Policy, ALPA – as the bargaining agent for the pilots of both airlines – would simply have developed a seniority proposal in the same way it develops proposals on wages, health benefits, vacation entitlement and all other terms and conditions of employment about which it is entitled to bargain. No one would ever assert that in preparation for negotiations with the Company, the US Airways pilots could sue the America West pilots as a substitute for the deliberative process ALPA would go through in developing its bargaining position on those issues. There would be no more right to bring an action to achieve a result on the seniority issue then there would be to bring an action to establish ALPA's position on these other important negotiating issues. And if there is no right to bring such an action, arbitration under ALPA Merger Policy is not a substitute for any kind of judicial process – it is merely a method the Union has developed to establish its bargaining position on that single issue.

Moreover, an award issued pursuant to ALPA's Merger Policy does not create rights that can be enforced by one MEC against another through litigation.[2] Rather, once an integrated seniority list has been developed through Merger Policy, the MECs have no role in enforcing or implementing the award; to the contrary, it is ALPA that has a duty to present the integrated seniority list to the carrier and ALPA that has the duty to use its powers to seek to have the carrier accept the integrated seniority list in collectively bargaining the collective bargaining agreement. Merger Policy at 9. Under the Merger

---

[2] In fact, the MECs were not formally parties to the arbitration proceedings; rather, the proceedings were between the pilots of US Airways and the pilots of America West as represented by their respective Merger Committees who are, by Merger Policy's precise terms, wholly autonomous from the MECs. *See* Notice of Removal Attachment 1, ("Plaintiffs' Application") Ex. 2 at 1; Merger Policy at 3.

6

Policy and ALPA's constitution, the MECs—who, unlike ALPA, are not the statutory collective bargaining representatives of the US Airways pilots—may not attempt to present any integrated seniority list to the carrier. *See Air Wisconsin Pilots Prot.Comm. v. Sanderson*, 909 F.2d 213, 215 (7th Cir. 1990); McIlvenna Decl. ¶ 5.

With this regime in place, a regime with which Plaintiffs are entirely familiar, we could only understand that in seeking to vacate the seniority list set out in the arbitration award in court, Plaintiffs sought relief that would have the effect of precluding that list from being presented by ALPA to US Airways or precluding ALPA from "us[ing] all reasonable means at its disposal to compel the company to accept and implement the merged seniority list." Merger Policy at 9. Given that the arbitration award Plaintiffs seek to vacate could have an impact on any US Airways pilot's seniority rights only after *ALPA—*pursuant to its Merger Policy—presented the merged seniority list to the carrier and persuaded the carrier to accept and implement the list, the graveman of the claim to "vacate" the arbitration award would (under any theory of recovery) be directed against ALPA. Any such attack by union members (or those who purport to represent them) on a bargaining position of its exclusive representative is a claim that the exclusive representative has breached or will breach its duty of fair representation to those members. *See generally Nellis v. Air Line Pilots Ass'n*, 805 F. Supp. 355, 360 (E.D. Va. 1992), *aff'd*, 15 F.3d 50 (4th Cir. 1994).

Plaintiffs ignore ALPA's central role in the collective bargaining negotiation with US Airways that is the singular purpose for which the arbitration award was rendered, taking the position that "vacating" the arbitration award and its attendant seniority integration list is a sufficient end in itself, one that does not concern ALPA's obligations

as the pilots' bargaining representative at all.  Plaintiffs thus assert that their action seeks relief that does not "require[] ALPA to do anything," that "[P]laintiffs' complaint does not affect ALPA's bargaining duty with USAirways," and that "[t]hey do not seek relief either requiring ALPA to refrain from performing any act or compelling it to perform any act."  Plaintiffs' Opp. at 6, 8.

Given the nature of ALPA Merger Policy and of the arbitration award at issue, Plaintiffs' response is curious in the extreme.  Under ALPA Merger Policy, once the award is issued there is no further limitation on when the Union could present the merged seniority list to US Airways at any time after it is issued, *see* Merger Policy at 9, and the carrier could accept the list presented by ALPA; ALPA Merger Policy permits ALPA to present the merged seniority list any time after the arbitration award is issued.[3]  Thus, as the litigation is currently constituted, nothing in Plaintiffs' claim against the America West MEC or its chairman to vacate the arbitration award would curtail or limit ALPA's right tomorrow or, for that matter, after a court were to (hypothetically) "vacate" the award, to present the merged seniority list to US Airways.  While, assuming for the sake of argument, that a court could "vacate" the arbitration award, ALPA's presentation of the merged seniority list to US Airways before a judgment will have rendered moot any

---

[3]  Plaintiffs cite to a July 18 resolution of the ALPA Executive Council to suggest that ALPA has no authority under Merger Policy to submit the arbitration award to US Airways at this time.  *See* Pls. Exh. 3 to Motion to Remand; *see also* Pls. Opp. at 2.  The resolution, however says nothing that suggests that ALPA could not present the merged seniority list at any time.  Rather, the resolution reflects ALPA's view that under Merger Policy the Union has *discretion on when* to present the merged seniority list to the carrier. Pls. Exh. 3 at 4, 6 (noting that "no schedule has been specified in Merger Policy or the Transition Agreement for presentation of a merged seniority list to US Airways management" and that for internal and negotiating reasons wholly unrelated to this litigation ALPA decided not to present the merged seniority list to the carrier "at this time").

8

consequences of such a ruling by the court. And ALPA's presentation of the award to the Company after the court (again, hypothetically) "vacated" the award would not in any way violate any court order. *See generally Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996) (court cannot bind one to judgment to which he was not a party or in privity with a party). Thus, if Plaintiffs do not seek relief that would prohibit ALPA from implementing the merged seniority list issued by the arbitration award to US Airways in contract negotiations, this litigation to "vacate" the arbitration award would have no concrete effect on Plaintiffs' rights, and would be a sterile and academic exercise, inappropriate for presentation in any court.

In sum, the litigation can be characterized in only two ways: either this is an action seeking to forestall ALPA's presentation of the merged seniority list to US Airways in contract negotiations, or this is an action seeking an advisory opinion regarding the quality of the arbitration award. If the former, ALPA must be joined as a defendant. *See Reardon v. American Postal Workers Union*, 43 Fair Empl. Prac. Case 1348, 1354 (D.N.J. 1986) ("The only proper defendant in a fair representation case, however, is the union entity which was a party to the collective bargaining agreement under which the duty arises.").[4] If the latter, Plaintiffs' claim is entirely nonjusticiable and abstract. *See generally National Park Hospitality Ass'n v. Department of Interior*,

---

[4] This is true even were the action properly brought as a state law claim. Arbitration awards arising out of private contracts to arbitrate are not self-enforcing but can "be given force or effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Under the D.C. Arbitration Act pursuant to which Plaintiffs purport to seek to vacate the arbitration award, an award that is not vacated is automatically confirmed by judicial order. D.C. Stat. § 16-4311(d). Here, the only party against whom the arbitration award can be given force or effect is ALPA, because it is the only party with authority and responsibility to implement the award. *See* Merger Policy at 9. Accordingly, ALPA would have been a necessary party even absent preemption of the claim by the Railway Labor Act.

9

538 U.S. 803, 809-11 (2003) (challenge to rule interpretation by administrative agency that does not have authority to administer the statute that the agency purported to interpret does not present a justiciable controversy, but seeks "essentially what would be advisory opinions"). We filed the motion to compel joining ALPA as a necessary party on the assumption that Plaintiffs intended to seek meaningful relief in bringing this action, and because relief could only be provided by ALPA, we moved to join the Union. We further assumed—perhaps incorrectly—that Plaintiffs were not hoping merely to obtain a court decision that, while agreeing with the Plaintiffs' position regarding the Merger Policy arbitration, could have no possible effect on US Airways pilots' seniority rights.

2. Plaintiffs' arduous efforts to avoid ALPA's presence in this litigation has required them to attempt to fashion their claim in a manner to avoid alleging a breach of the duty of fair representation. As we have explained—and explain at greater length in our Opposition to the Motion to Remand—the attempt fails. It is worth noting that other propositions Plaintiffs advance in their Opposition against requiring ALPA's joinder in the litigation are simply incorrect, and their incorrectness itself demonstrates that under *any* theory pursuant to which a court can grant relief ALPA is still a necessary party. We briefly discuss two of these issues.

For example, Plaintiffs allege that ALPA Merger Policy constitutes the agreement pursuant to which the US Airways MEC and the America West MEC agreed to arbitrate the issue of the merged seniority list. *See* Plaintiffs' Application ¶ 46; Plaintiffs' Opp. at 6. In their Opposition, Plaintiffs further assert that, notwithstanding that the parties' arbitration agreement arises out of ALPA Merger Policy, "ALPA is not a party to the

agreement to arbitrate," and cite assorted cases for the proposition that a non-party to an arbitration agreement is not a proper party in a challenge to an arbitration award. Plaintiffs' Opp. at 6-7.

Without conceding that Merger Policy is an agreement to arbitrate, as that term would be understood in the context of traditional extra-judicial dispute resolution agreements, ALPA is a party to the Merger Policy and, therefore, to the "arbitration agreement" that the US Airways MEC relies on. First, ALPA's Merger Policy is, like its constitution and bylaws, a governing document of the Union, approved and propounded by ALPA's Executive Board, and as such, is a contract between labor organizations—one of whom must be ALPA itself. *See* Merger Policy at 2; *see also Woodell v. International Bhd. of Elec. Workers*, 502 U.S. 98, 101-03 (a union constitution and bylaws are properly characterized as a contract between parent unions and their affiliates). Second, Plaintiffs' related contention that ALPA has no role in the administration of Merger Policy pursuant to which the arbitration award was issued is contradicted in numerous instances by the Merger Policy itself, even putting to the side that ALPA has the exclusive responsibility for advancing the merged seniority list through negotiations with the Company. *See, e.g.*, Merger Policy at 2-3 (initiation of Merger Policy requires a determination by the APLA Executive Council); *id.* at 7 (ALPA is responsible for providing and approving the list of neutral arbitrators); *id.* at 6 (ALPA's President has authority to delay the arbitration hearings under certain circumstances). Merger Policy is even express in its treatment of ALPA (represented by the President) as *a party to the arbitration itself. Id.* at 9 ("Such [arbitration] Opinion and Award shall be issued simultaneously and within fifty (50) days following the convening of said Arbitration Board unless extensions are agreed to *by all*

11

*parties to the proceeding, including the President*") (emphasis added).[5]  As such, the cases Plaintiffs cite at pages 6-7 of their Opposition for the proposition that only parties to an arbitration agreement have standing in challenges to an arbitration award are beside the point.[6]

Finally, in a further attempt to keep ALPA out of this litigation, Plaintiffs argue that ALPA's role in implementing merged seniority lists issued pursuant to an award of a Merger Policy Arbitration Board only arises with respect to "valid" awards, and contend that until the "validity" of the merged seniority list at issue here is resolved in litigation, ALPA must "refrain from acting on the Nicolau award."  Plaintiffs' Opp. at 9; *see id.* at 2.  From that premise, Plaintiffs suggest that ALPA's role in implementing the arbitration award is not implicated by Plaintiffs' litigation to vacate that same award.  *See* Plaintiffs' Opp. at 8 ("the [P]laintiffs' action deals only with the validity of the Nicolau award under

---

[5] Plaintiffs rely heavily on statements that ALPA remains "in a neutral position on the merits" to suggest that ALPA has no role in the arbitration proceedings.  *See* Pls. Opp. at 6.  While we agree that ALPA is committed by Merger Policy not to place its thumb on the scale in the seniority integration process, or to attempt to dictate a specific outcome, once a seniority integration award is issued, that award "shall be defended by ALPA."  Merger Policy at 9.  Thus, regardless of whether ALPA's neutrality as to the outcome of the Merger Policy lessens its necessity as a party prior to the issuance of the arbitration award, once the award has issued, Merger Policy itself requires ALPA to participate in any challenge to the award.

[6] Of course, none of the cases Plaintiffs cite deny standing to a party where, as here, the party has a role in enforcing the arbitration award, and has a duty to defend the award under the very agreement pursuant to which the arbitration was conducted.  Indeed, on that point, some of Plaintiffs' own cases hold exactly to the contrary.  *See Local 13, Int'l Longshoremen's & Warehousemen Union v. Pacific Maritime Ass'n*, 441 F.2d 1061, 1065 (9th Cir. 1971) (although a local union did not have standing under the Federal Arbitration Act ("FAA") to challenge an arbitration between an employer and the local's parent union, it *did* have standing to challenge the arbitration award as the collective bargaining representative of employees affected by the award); *Ass'n of Contracting Plumbers v. Local Union No. 2*, 841 F.2d 461, 466-67 (2d Cir. 1988) (national union that did not participate in arbitration by local affiliate regarding work jurisdiction disputes has standing to intervene to vacate arbitration award under FAA if award would affect national union's ability to establish work jurisdiction among its affiliates).

ALPA's internal Merger Policy (not ALPA's dealings with USAirways regarding the seniority list created under that award)").

In drawing a distinction between ALPA's responsibilities with respect to arbitration awards issued pursuant to Merger Policy and "valid arbitration awards," Plaintiffs do not cite the Merger Policy itself. This is not surprising given that nothing in the Merger Policy suggests that merged seniority lists are subject to court challenges as to their "validity" before ALPA may present them to a carrier in bargaining. To the contrary, the entire purpose of ALPA's Merger policy is inconsistent with placing an additional requirement on ALPA's ability to present a merged seniority proposal to a carrier. This is so because precluding ALPA from presenting a seniority list proposal to a carrier until its validity has been tested in litigation by a court—as Plaintiffs claim to be doing here—would hamstring Merger Policy's purpose of attempting to protect "the employment rights and interests of ALPA flight deck crew members in an orderly, *expeditious,* and equitable manner." Merger Policy at 2 (emphasis added). Requiring ALPA to wait until the conclusion of all possible litigation to confirm the validity of a collective bargaining proposal would frustrate the goal of expeditiously representing the interests of ALPA's pilot members, and could delay negotiation and implementation of a merged working agreement with a carrier by years.

Rather than rest on ALPA Merger Policy, Plaintiffs rely on one sentence taken out of context from Judge Posner's opinion in the *Air Wisconsin* case, *see* Pls. Opp. at 9—a case that, as we will show, *defeats* Plaintiffs' position here. In *Air Wisconsin*, Judge Posner dismissed a claim by Air Wisconsin pilots asserting that ALPA had violated its duty of fair representation to the plaintiffs by refusing to reopen the seniority integration

13

issue after a merged seniority list was issued by an arbitrator and implemented by the carrier.  909 F.2d at 214-15.  In rejecting this claim, Judge Posner reasoned that ALPA had provided plaintiffs a fair process through Merger Policy and that plaintiffs' proper challenge should have been a direct attack on the arbitration award that ALPA presented to the carrier in negotiations, rather than the indirect attack on the finality of the merged seniority list based on ALPA's refusal to consider an alternative seniority list.  *Id.* at 216.  Anticipating the objection that such a direct attack might not, even if successful, generate an alternative seniority list, because ALPA might feel "obligated" by Merger Policy to adhere to the original list, Judge Posner responded that such an objection would be overstated: "ALPA's [merger] policy signifies only that if the award is valid, it is definitive as far as ALPA is concerned."  *Id.* (quoted at Plaintiffs' Opp. at 9).  From this single sentence, Plaintiffs suggest that the validity of the Merger Policy seniority integration arbitration award is to be determined by a court without reference to ALPA's duty of fair representation, *id.* at 9, and imply that until the award is confirmed by a court under state law arbitration principles, *Air Wisconsin* supports the proposition that "[n]o valid award yet exists for ALPA to present to US Airways," *id.* at 2.

Read in context, however, *Air Wisconsin* certainly cannot support the proposition that ALPA is not a necessary party to litigation regarding the "validity" of an arbitration award issued as a result of ALPA Merger Policy, or that a challenge to the "validity" of the merged seniority list may be made under state law rather than as a claim based on the RLA duty of fair representation.  To the contrary, the opinion stands for precisely the opposite and is fully in accord with Defendant' position expressed in both this Reply and in their Opposition to Plaintiffs' Motion to Remand, filed contemporaneously with this

14

submission.  As we have explained, Judge Posner's references to a "valid" award is simply to any award that has not been nullified in a proper proceeding; it is *not* a suggestion that every award must be viewed as provisional and presumptively invalid until it has survived all court challenges and exhausted all appeals, and all statutes of limitations have run. Thus, in explaining why the Air Wisconsin pilots were wrong to challenge ALPA's refusal to adopt their alternative seniority list long after Merger Policy proceedings had concluded, Judge Posner explained that,

> "[i]f the system is fine and only the specific arbitration award is improper, the plaintiffs are in the wrong forum.  They should have challenged the award in court when it was rendered, as in *Beardsly v. Chicago & North Western Transportation Co.*, 850 F.2d 1255, 1270-71 (8th Cir. 1988).  As we shall see, such a challenge is now time barred."

*Air Wisconsin*, 909 F.2d at 217.  Judge Posner's citation to *Beardsly* and the time bar to "such a challenge" is telling because *Beardsly* itself involved a challenge to a flawed arbitration award regarding seniority rights negotiated by the plaintiffs' bargaining representative; in vacating the arbitration award, the *Beardsly* court analyzed the challenge by reference to the union's duty of fair representation, and vacated the arbitration only because it was issued as a result of the union's violation of its duty of fair representation.  *Beardsly*, 850 F.2d at 1270-71.  By the reference, "as in *Beardsly*," Judge Posner made plain that any challenge to the substantive "validity" of an arbitration award issued out of Merger Policy would necessarily be a claim directed at ALPA and premised on ALPA's responsibilities as a bargaining representative under the Railway Labor Act.

If there were any doubt at all about the significance of Judge Posner's reliance on *Beardsly* as making clear that the "validity" of Merger Policy arbitration awards are bound together with ALPA's duty of fair representation (and we submit that there is no

15

room for such doubt), his later reference in *Air Wisconsin* to the timeliness of any challenge to the arbitration award cements this view. In reiterating that the "validity" of a seniority list award may be challenged by aggrieved Air Wisconsin pilots, but that "the way to raise the point was to challenge the award in court, which they had six months to do," *Air Wisconsin*, 909 F.2d at 218, Judge Posner cited to *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1269-72 (7th Cir. 1985). *United Independent Flight Attendants* is another case in which plaintiffs asserted a breach of the duty of fair representation against a union under the RLA, and stands for the proposition that the proper limitation period for a breach of the RLA duty of fair representation is the six month limitations period applicable to such claims under the Labor-Management Relations Act. *See United Flight Officers*, 756 F.2d at 1269-70. *See also Beardsly*, 850 F.2d at 1265 (holding that plaintiffs' unfair representation claim was preserved because it was filed less than six months after the date that the arbitration award was issued).

Given that Judge Posner recognized that challenges to the substantive "validity" of an arbitration award under ALPA's Merger Policy must be decided under RLA duty of fair representation principles, *Air Wisconsin* does not support Plaintiffs' position that it may challenge the validity of the merged seniority list under state arbitration law "without ALPA's participation in the dispute," Pls. Opp. at 10; instead, the case supports the logical position that a challenge implicating a bargaining representative's duties must be mounted within the confines of the RLA-imposed duty of fair representation. And, because, as even Plaintiffs acknowledge, ALPA is a necessary party to any claim for breach of the duty of fair representation, *Air Wisconsin* fully supports the proposition that ALPA is a necessary party to litigation regarding the validity of the arbitration award.

\*   \*   \*   \*   \*

In the end, although Plaintiffs throw up a lot of chaff to obfuscate the nature of their claim, the simple fact remains that, to the extent the pilots represented in this litigation by the US Airways MEC do not want the merged seniority list issued in connection with ALPA Merger Policy to be presented by ALPA in negotiations with US Airways, any such claim must be made against ALPA itself, the only entity that has the statutory right and obligation to bargain with the Company.  As such, ALPA must be joined as a party.

## CONCLUSION

For the foregoing reasons and those set out in our opening Memorandum, Defendants respectfully request that the Court compel joinder of ALPA as a defendant in this action as a necessary party under Federal Rule of Civil Procedure 19, and order Plaintiffs to file and serve process of an amended complaint on ALPA, pursuant to Federal Rule of Civil Procedure 4.

                      Respectfully submitted,

                      _____/s/_____
                      Jeffrey R. Freund (D.C. Bar No. 163881)
                      Leon Dayan (D.C. Bar No. 444144)
                      Robert Alexander (D.C. Bar No. 465673)
                      Bredhoff & Kaiser, P.L.L.C.
                      805 15th Street, N.W.
                      Washington, D.C.  20005
                      Tel: (202)842-2600
                      Fax: (202)842-1888

Dated: September 20, 2007.