IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US AIRWAYS MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, and, JOHN A. STEPHAN, in his capacity as MEC Chairman,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA WEST MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, and, JOHN MCILVENNA, in his capacity as MEC Chairman,<br><br>Defendants. | Case No. 07-1309 (EGS) |

**MOTION TO SUPPLEMENT THE RECORD IN CONNECTION WITH
PLAINTIFFS' MOTION TO REMAND**

Defendants America West Master Executive Council and John McIlvenna submit this motion to supplement the record in connection with deciding Plaintiffs' Motion to Remand. The document with which Defendants seek to supplement the record is a two-page resolution of the Air Line Pilots Association ("ALPA") Executive Council. Pursuant to Local Civil Rule 7.1(m), undersigned counsel for Defendants conferred with counsel for Plaintiffs to determine if there was opposition to the motion. Counsel for Plaintiffs indicated that they do not oppose including the ALPA resolution in the record, but that they do not agree that the resolution is relevant to the issues regarding Plaintiffs' Motion to Remand.

In support of the motion, Defendants state the following:

1. On October 5, 2007, Plaintiffs filed a Reply Memorandum in support of their Motion to Remand.

2. In the argument set out in Plaintiffs' October 5 Reply Memorandum, Plaintiffs contend that it is unnecessary for the Court to consider any role that ALPA has in connection with Plaintiffs' lawsuit in regards to whether Plaintiffs' claim is properly characterized as a breach of ALPA's duty of fair representation because ALPA presently plays no role related to the validity of the arbitration award ("Nicolau award") that produced the merged seniority list proposal Plaintiffs wish to invalidate. In that regard, Plaintiffs assert that "[t]o date, ALPA is on record as stating it will take no action regarding the Nicolau award pending resolution of the dispute between the parties." Reply Mem. at 22.

3. Defendants submit this motion to supplement the record to rebut this factual assertion in Plaintiffs' Reply Memorandum. As noted above, the document that Defendants seek to introduce into the record is a Final Resolution issued in connection with the September 17-20, 2007 ALPA Regular Executive Council Meeting ("ALPA Final Resolution") (attached hereto as Exhibit A).

4. Defendants submit that the ALPA Final Resolution, issued on September 20 and received by undersigned counsel on September 21, directly contradicts Plaintiffs' assertion in the October 5 Reply Memorandum that

"ALPA is on record as stating it will take no action regarding the Nicolau Award pending resolution of the dispute between the parties."

5. The ALPA Final Resolution, which addresses Plaintiff US Airways Master Executive Council's request that ALPA "set aside" the Nicolau Award, states that "[a]s required by the Transition Agreement between [ALPA] and US Airways and by Merger Policy, the [Nicolau] Award is to be submitted as issued to US Airways management, providing that the Award may not be used prior to completion of a single collective bargaining agreement." ALPA Final Resolution at 2. The resolution also states that the ALPA "Executive Council further finds that there is no basis for setting aside the Award, which under Merger Policy is now to be defended by ALPA as issued by the Arbitration Board." *Id.*

6. Defendants believe that supplementing the record to include the ALPA Final Resolution is necessary for the Court to have a proper factual understanding of the circumstances surrounding ALPA's role with respect to the Nicolau Award that Plaintiffs seek to "vacate." The ALPA Final Resolution is thus, Defendants submit, relevant to whether Plaintiffs' action is properly characterized as an action to prevent an alleged breach of the federal duty of fair representation by ALPA. Supplementing the record is in the interests of justice and does not prejudice the parties in any respect.

WHEREFORE, Defendants respectfully request that the Court grant the instant motion, and order that the record be supplemented with the ALPA Final Resolution. A proposed order is attached.

Respectfully submitted,

_____/s/_____
Jeffrey R. Freund (D.C. Bar No. 163881)
Leon Dayan (D.C. Bar No. 444144)
Robert Alexander (D.C. Bar No. 465673)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W.
Washington, D.C. 20005
Tel: (202)842-2600
Fax: (202)842-1888

Dated: October 11, 2007.

# EXHIBIT A

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
99TH REGULAR EXECUTIVE COUNCIL MEETING
September 17-20, 2007

SUBJECT
AAA/AWA Seniority Integration

SOURCE
President John Prater (7/07 EXCL, AI #25)

FINAL RESOLUTION
WHEREAS the AAA MEC, on behalf of the AAA pilots, has requested that the Executive Council set aside the Opinion and Award in the matter of the Seniority Integration of the Pilots of US Airways, Inc. and the Pilots of America West Airlines, Inc. (the "Award") and resubmit the matter to a new Arbitration Board sitting with a different arbitrator, and

WHEREAS the Executive Council has given full consideration to the AAA MEC request, and the opposition of the AWA MEC, over the course of several meetings,

THEREFORE BE IT RESOLVED that the Executive Council finds and determines as follows:

    1.    As found by the Executive Council in July, ALPA Merger Policy provides that ALPA's role in seniority integration "is solely to provide the process" and that "ALPA National" is confined to "a neutral position on the merits." Under Merger Policy, when the parties submit their dispute to arbitration, it is up to the Arbitration Board, not ALPA National, to decide how best to express the Board's view of the equities.

    2.    The Executive Council has also previously found that, given ALPA National's role is solely to provide the process for seniority integration, the issue before the Executive Council is limited to whether the Association has done so in this case. No evidence has been presented of any impropriety in any aspect of the process.

    3.    Based on the foregoing, the Executive Council concludes there is no basis for the Executive Council to further consider the AAA

MEC request to set aside the Award. The Executive Council further finds that there is no basis for setting aside the Award, which under Merger Policy is now to be defended by ALPA as issued by the Arbitration Board.

4.   As required by the Transition Agreement between the Association and US Airways and by Merger Policy, the Award is to be submitted as issued to US Airways management, providing that the Award may not be used prior to completion of a single collective bargaining agreement.

5.   Both MECs are required to continue to work with the Rice Committee and the Joint Negotiating Committee process to bring about consensual solutions that will furnish a basis for successful completion of collective bargaining on behalf of the AAA/AWA pilots with US Airways.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US AIRWAYS MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA WEST MASTER EXECUTIVE COUNCIL, AIR LINE PILOTS ASSOCIATION, INT'L, et al.<br><br>Defendants. | Case No. 07-1309 (EGS) |

**[PROPOSED] ORDER**

Upon consideration of the motion and incorporated points and authorities submitted by Defendants America West Master Executive Council and John McIlvenna to Supplement the Record in Connection with Plaintiffs' Motion to Remand, the Court ORDERS as follows:

The Defendants' motion is GRANTED. It is further ORDERED that the Resolution of the Air Line Pilots Association, attached to Defendants' motion as Exhibit A, be included in the record for the Court's consideration of Plaintiffs' Motion to Remand.

SO ORDERED this _____ day of October, 2007.

_____
HON. EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE