UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                   )
US AIRWAYS MASTER EXECUTIVE,       )
COUNCIL, AIR LINE PILOTS ASSOC.,   )
INT'L, et al.,                     )
                                   )
          Plaintiffs,              )
                                   )   Civ. Action No. 07-1309 (EGS)
     v.                            )
                                   )
AMERICA WEST MASTER EXECUTIVE      )
COUNCIL, AIR LINE PILOTS ASSOC.,   )
INT'L, et al.,                     )
                                   )
          Defendants.              )
                                   )
```

**MEMORANDUM OPINION**

Plaintiffs US Airways Master Executive Council, Air Line Pilots Association, International, *et al.*, ("AAA MEC") move this Court to remand to the Superior Court of the District of Columbia ("Superior Court") plaintiffs' Motion to Vacate Arbitration Award. Defendants America West Master Executive Council, Air Line Pilots Association, International ("AWA"), *et al.*, contend that this Court has federal question jurisdiction over the instant case, and argue that they were proper in removing it to federal court pursuant to 28 U.S.C. § 1441(a). Specifically, defendants claim that the Railway Labor Act (RLA), 45 U.S.C. § 51 *et seq.* (1996), completely preempts plaintiffs' state law causes of action brought under D.C. Code §§ 16-4311, 4315 (2001). Defendants have also filed with this Court a Motion for Joinder of Air Line Pilots Association ("ALPA") as a Necessary and Proper

Party.

Upon consideration of plaintiffs' motion to remand, response and reply thereto, supplemental briefing, and the complete record and applicable law, the Court **GRANTS** plaintiff's motion. This case, including defendants' motion for joinder, shall be remanded to Superior Court. Further, the Court will consider a request for payment of plaintiffs' costs and expenses as a result of the improper removal to this Court.

## I. Background

The dispute in this case arises in the wake of the merger of US Airways and America West Airlines into one new successor company that retained the US Airways name. *See* Defs. Opp'n 2. ALPA is a national labor union and a designated employee representative of employees of air carriers, including US Airways and America West, for the purposes of collective bargaining. *See* Notice of Removal 2. ALPA maintains subordinate bodies, known as Master Executive Councils ("MEC"), which consist of elected pilot representatives from the particular airlines. *See* Pls. Mot. to Remand 2. The MEC provides day-to-day representation of the pilots under the collective bargaining agreements between ALPA and the pilots' respective airlines. *Id.*

ALPA maintains an internal policy known as the "Merger and Fragmentation Policy" of ALPA ("ALPA Merger Policy") to deal with the labor-relations effect of a merger transaction between two

airlines, including the effect of separate groups of pilots combining into one.  *Id.* at 3.  Pilots at all ALPA-represented airlines maintain seniority lists, which record the pilots in order of their date of hire for purposes of bidding for promotions and work schedules, as well as other terms of employment.  *Id.*  The merger of an airline necessitates the integration of the pilot seniority lists for the separate airlines.  *Id.*  Under the ALPA Merger Policy, the MECs representing the two pilot groups first meet in an effort to negotiate a proposed integrated seniority list.  *See* Defs. Opp'n 3-4.  If direct negotiations between the merger committees fail, the parties select a neutral person to mediate the negotiations.  *See* Pls. Mot 3.  If mediation subsequently proves unsuccessful, the parties then participate in an arbitration proceeding before a Board of Arbitration consisting of three persons: the neutral mediator and two neutral pilots.  Ultimately, the ALPA Merger Policy generates a proposed seniority list, which ALPA promises to present to the merged airlines in an effort to persuade the merged airlines to adopt the list.  *See* Defs. Opp'n 3-4.

Because AAA MEC and AWA were unsuccessful in reaching a negotiated agreement for an integrated pilot seniority list, the parties proceeded to arbitration.  On May 1, 2007, following an arbitration proceeding, the Board of Arbitration issued the arbitration award in dispute (the "Nicolau Award"), which

provided for an integrated pilot seniority list.  *See* Pls. Mot 5.

On June 26, 2007, plaintiffs filed an Application to Vacate Arbitration Award under the District of Columbia Arbitration Act ("DCAA") (D.C. Code §§ 16-4311, 4315) in Superior Court. Plaintiffs dispute the Nicolau Award with allegations that the intra-union arbitration award was inconsistent with their agreement to arbitrate and exceeded the arbitrators' powers.  *See* Compl. 12-15.

On July 24, 2007, defendants filed a notice of removal to bring this case to federal court.  As grounds for removal, the defendants argued that although plaintiffs purport to seek relief from the Nicolau Award under D.C. Code §§ 16-4311, 4315, plaintiffs are actually asserting a claim for a breach of ALPA's duty of fair representation.  *See* Notice of Removal 4. Defendants contend that ALPA's activities in connection with collective bargaining are regulated exclusively by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, made applicable to air carriers by 45 U.S.C. § 181, and thus federal law completely preempts plaintiffs' state causes of action.  *See* Notice of Removal 2.  Defendants contend that the "artful pleading" exception to the well-pleaded complaint rule should apply and transform plaintiffs' DCAA claims into a federal cause of action, thereby conferring on this Court federal subject-matter jurisdiction.  *See* Notice of Removal 4.

On August 20, 2007, plaintiffs filed a motion to remand this case to Superior Court asserting that the RLA does not completely preempt their state law causes of action. *See* Pls. Mot. 8. Plaintiffs contend that their complaint, as filed in Superior Court, alleges only claims under the DCAA to set aside the arbitration award for failing to comply with the ALPA Merger Policy. *See* Pls. Mot. 1. Thus, plaintiffs submit that their claim does not arise under federal law and should be remanded to state court.

## II. Standard of Review

Federal courts are courts of limited jurisdiction and therefore the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when the federal court enjoys original subject matter jurisdiction, that is, a claim arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(a)-(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hardin-Wright v. DC Water and Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C. 2005) (citations omitted). "If, however, state law creates the cause of action, the court must determine whether the adjudication of those state law claims

requires resolution of a substantial question of federal law, [ ] because the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Hardin-Wright*, 350 F. Supp. 2d at 104-05 (internal quotation marks and citations omitted) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Franchise Tax. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). "[F]ederal courts have fashioned a two-pronged test in order to determine if a state cause of action can provide the basis for federal removal jurisdiction. The removing party must show (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Int'l Union of Bricklayers and Allied Craftworkers v. Ins. Co. of the W.*, 2005 WL 713608, at *4 (D.D.C. Mar. 30, 2005) (internal citations and quotation marks omitted); *see generally Merrell Dow*, 478 U.S. 804.

Courts must strictly construe removal statutes. *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). The court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). When the plaintiff files a motion to remand, the defendant bears the burden of proving federal

jurisdiction.  *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985).

**III. Analysis**

    **A.   Plaintiffs' Right to Relief Does Not Depend on Federal Law**

On June 22, 2007, Plaintiffs' filed in Superior Court an application under D.C. Code § 16-4315 to set aside an arbitration award, pursuant to D.C. Code § 16-4311, alleging that the Nicolau Award violated the ALPA Merger Policy by failing to draw its essence from the ALPA Merger Policy and exceeding the Arbitration Board's powers under the ALPA Merger Policy.  *See* Compl. ¶ 62. In their application, plaintiffs requested that the following relief be granted: 1) that the Nicolau Award be vacated in its entirety; and 2) that the plaintiffs be granted such other and further relief as the court deems necessary and proper. *See* Compl. 16.

Superior Court has the authority to vacate an award upon application of a party where, among other reasons, "the arbitrators exceeded their powers."  D.C. Code § 16-4311(a)(3). Superior Court is therefore within its authority to grant the relief plaintiffs seek, i.e. vacation of the Nicolau Award, if Superior Court deems that relief is warranted.

7

**B.    The Question of Federal Law is Not Substantial**

**1.    Preemption and Federal Subject Matter Jurisdiction**

Defendants maintain that this Court has federal question jurisdiction over this action because plaintiffs' application to vacate the Nicolau Award is in essence a claim against ALPA for violating its duty of fair representation under the RLA, thereby causing this action to arise under federal law. To determine whether a case raises a federal question for purposes of removal jurisdiction, this Court applies the "well-pleaded complaint" rule, which holds that a cause of action arises under federal law only when the federal claim can be found on "the face of the complaint and only the face of the complaint." *Strategic Lien Acquisitions LLC, v. Republic of Zaire*, 344 F. Supp. 2d 145, 148 (D.D.C. 2004), (citing *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1,4 (D.D.C. 2004)). *See also Caterpillar, Inc.*, 482 U.S. at 392. The Court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses" to determine whether a claim arises under federal law. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The plaintiff is the master of the claim and may rely exclusively on state law to avoid federal question jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Furthermore, a preemption defense based on federal law supremacy does not justify removal and is decided by the state court. *Beneficial Nat'l Bank*, 539 U.S. at 6;

*Franchise Tax Bd. of Cal.*, 463 U.S. at 12; *Caterpillar, Inc.*, 482 U.S. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are preempted under a federal statute does not establish that they are removable to federal court.")

A corollary to the well-pleaded complaint rule, however, is the artful pleading rule. Under the artful pleading doctrine, plaintiffs may not defeat federal subject-matter jurisdiction by artfully pleading their complaint, as if it arises under state law, when the lawsuit is, in essence, based on federal law. The doctrine permits removal on federal-question grounds when federal law completely preempts the state-law claim. 28 U.S.C.A. §§ 1331, 1441. Under this principle, the preemptive force of a statute can be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank*, 539 U.S. at 8.

The doctrine of complete preemption that gives rise to federal subject-matter jurisdiction is separate and distinct from ordinary preemption, also known as defensive preemption, which can be raised as a defense to state law claims. *See, e.g.,* 16

9

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[b][i]-[iii] (3d ed. 2005)(discussing types of preemption). The Supreme Court has made it clear that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 392. State courts are "competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary." *Geddes v. Am. Airlines*, Inc., 321 F.3d 1349, 1357 (11th Cir. 2003)(quoting *Ry. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988). *See also Price v. PSA, Inc.*, 829 F.2d 871, 876 (9th Cir. 1987)("We express no opinion on the merits of PSA's federal preemption defense. We have confidence in the ability and willingness of state courts to enforce federal defenses.").

      **2.**    **RLA Does Not Completely Preempt Plaintiffs' State Law Claims**

Thus far, the Supreme Court has found that only three statutes have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); and

§§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *Sullivan v. Am. Airlines,* 424 F.3d 267, 272 (2nd Cir. 2005)(citing *Avco Corp., v. Aero Lodge No. 725*, 390 U.S. 557, 558-62 (1968); *Metro. Life Inc. Co.*, 481 U.S. at 65-66 (1987); *Beneficial Nat'l Bank*, 539 U.S. at 7-11). In deciding *Beneficial National Bank v. Anderson* in 2003, the Supreme Court explicitly stated that it was extending the application of complete preemption from two categories of cases to a third, those involving §§ 85 and 86 of the National Bank Act. *Beneficial Nat'l Bank*, 539 U.S. at 8 ("In the two categories of cases where this Court has found complete preemption - certain causes of action under the LMRA and ERISA - the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.")(citing ERISA, 29 U.S.C. § 1132; LMRA, 29 U.S.C. § 185). The *Beneficial National Bank* Court did not include the RLA, and its concomitant duty of fair representation, within the short list of statutes it found to have such extraordinary preemptive force. Similarly, the D.C. Circuit has acknowledged that limited statutes give rise to the complete preemption doctrine and also made no mention of the RLA as having extraordinary preemptive force. *See Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 201 (D.C. Cir. 2002)(Williams, J., concurring)(noting that the parties did not offer any "analytical basis for extending

11

complete preemption doctrine beyond the two statutes that the Supreme Court has held effected such a preemption: § 502(a) of the Employee Retirement Income Security Act and § 301 of the Labor Management Relations Act").

A number of courts have considered whether the RLA completely preempts claims brought under state law, and prior to the Supreme Court's pronouncement in *Beneficial Nat'l Bank*, there was no clear consensus.  The emerging trend among federal courts in light of *Beneficial Nat'l Bank*, however, is that the RLA does not provide for complete preemption.  *Compare Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 277 (2nd Cir. 2005)(finding no complete preemption under the RLA); *Roddy v. Grand Trunk W. R. Inc.*, 395 F.3d 318, 326 (6th Cir. 2005) (finding no complete preemption under the RLA); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1357 (11th Cir. 2003) (finding no complete preemption under the RLA), with *BIW Deceived v. Local S-6, Marine & Ship Building Workers*, 132 F.3d 824, 831-33 (1st Cir. 1997) (finding complete preemption under the RLA); *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1344-47 (7th Cir. 1986) (finding complete preemption under the RLA); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1165-67 (5th Cir. 1989) (finding complete preemption under the RLA); and *Deford v. Soo Line R.R. Co.*, 867 F.2d 1080, 1085 (8th Cir. 1989) (finding complete preemption under the RLA).

This Court agrees with the federal courts in finding, post *Beneficial Nat'l Bank,* that the RLA does not create complete preemption. As the Second Circuit observed in *Sullivan*, had the Supreme Court precedent established that the RLA, "like § 301 of the LMRA, completely preempted state-law causes of action within its scope, the Court in *Beneficial National Bank* would have discussed three, not two, categories of cases involving complete preemption." 424 F.3d at 275.

### 3. Defendants Can Raise Preemption as a Defense in Superior Court

Plaintiffs are the master of their complaint, and in this case plaintiffs brought their action to set aside the Nicolau Award exclusively under the DCAA. "As a general rule, a suit seeking recovery under state law is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan*, 424 F.3d at 271. It is fully within the Superior Court's jurisdiction to determine whether plaintiffs are entitled to the relief they seek under the DCAA.

Ordinary preemption is a viable defense under the RLA. *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 253 (1994). Defendants are free to raise preemption as a defense to this action in Superior Court, and ultimately seek federal-court review by petitioning the Supreme Court for certiorari if defendants lose in Superior Court. *See Sullivan*, 424 F.3d at

278. Nevertheless, raising federal law as a defense is not sufficient to confer federal subject-matter jurisdiction. *See Caterpillar*, 482 U.S. at 393. Thus, this court lacks jurisdiction over this case, and must remand the matter to Superior Court.

**IV. Conclusion**

Accordingly, for the reasons set forth above, the Court **GRANTS** plaintiffs' Motion to Remand. This case shall be remanded to Superior Court. This Court defers to Superior Court any ruling on defendants' Motion to Join ALPA as a Necessary Party. An appropriate order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**November 30, 2007**